IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD RIDLEY, #276808, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv504-MHT |
| | ) (WO) |
| GARY HETZEL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Edward Ridley "(Ridley)" has filed the above-captioned action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Although Ridley indicates on the first page of his *pro se* petition that he is challenging a judgment of conviction entered on February 14, 2011, by the Circuit Court of Pike County, Alabama, the grounds for relief stated by Ridley in the body of his petition relate only to actions of state courts in Georgia and Florida and make no mention of Ridley's Pike County, Alabama, conviction.[1] Nothing in the body of Ridley's petition relates to his Alabama conviction or asserts a basis for challenging that conviction.[2]

---

[1] It appears from the claims set forth in the body of his petition that Ridley seeks through this action to have his name removed from the State of Georgia's sex offender registry on the ground that his 1996 conviction in Florida for sexual battery is being improperly used as a basis for requiring him to register as a sex offender in Georgia. (*See* Doc. No. 1 at p. 16.)

[2] When he filed his petition, Ridley was incarcerated in the Easterling Correctional Facility in Clio, Alabama, serving a sentence imposed by the Circuit Court of Pike County, Alabama, for promotion of prison contraband. However, it appears that Ridley completed service of that sentence less than a week after filing this petition.

On June 28, 2011, this court entered an order directing that on or before July 19, 2011, Ridley was to file with this court an amendment to his § 2254 petition that clearly states each ground on which he challenges his Pike County, Alabama, conviction and sets forth the specific facts supporting each ground. (Doc. No. 5.) Ridley was cautioned that his failure to comply with this court's order would result in a recommendation that his case be dismissed. The time for Ridley to comply with the court's order has passed without his filing anything further.

Habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to a state prisoner who challenges the constitutionality of the basis of his state custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 504-05 (1973); *Thomas v. Crosby*, 371 F.3d 782, 786-87 (11th Cir. 2004); 28 U.S.C. § 2254(a). However, Ridley fails to challenge the constitutionality of the basis of his custody under a judgment of an Alabama court (i.e., his 2011 Pike County conviction) and indeed asserts no infirmity in his Alabama conviction. Therefore, Ridley fails to satisfy the "in custody" requirement for the purpose of habeas corpus claims under 28 U.S.C. § 2254, and the instant action should be DISMISSED for lack of jurisdiction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ridley be denied and that this case be dismissed for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 12, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 29th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE